**EARLE B. OTTLEY, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS**
and
**PERCY DE JONGH, Commissioner of Finance, Defendants**

Civil No. 7-1958

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 11, 1958

*See, also, 161 F. Supp. 210*

BIRCH AND MADURO, (JOHN L. MADURO, Charlotte Amalie, Virgin Islands, of counsel), *for plaintiff*

LEON P. MILLER, United States Attorney, Charlotte Amalie, Virgin Islands, *for defendants*

STALEY, *Circuit Judge*

This is a taxpayer's action brought by Earle B. Ottley, seeking to enjoin the Government of the Virgin Islands and the Commissioner of Finance from disbursing funds appropriated under the provisions of a bill of the Virgin Islands Legislature. The complaint, which alleges an improper use by the Governor of the power of item veto, was filed pursuant to § 80 of Title 5 of the Virgin Islands Code, which reads as follows:

"A taxpayer may maintain an action to restrain illegal or unauthorized acts by a territorial officer or employee, or the wrongful disbursement of territorial funds."

293

The action is before the Court upon defendants' motion to dismiss and their alternative motion for summary judgment. Plaintiff has also filed a motion for summary judgment. Defendants' motion to dismiss urges that since the funds involved comprise money granted to the territory by the Federal Government, plaintiff does not have sufficient interest to maintain this action. If this proposition is sustained, defendants' motion to dismiss must be granted.

██ ██ Equitable relief restraining the disbursement of government funds is conditioned upon a number of factors. To begin with, there is serious doubt whether such action, even assuming sufficient interest in the plaintiff, could have been maintained without the statutory provision found in the present Code or in previous enactments. See annotation, 58 A.L.R. 588 (1929). But be that as it may, one essential and fundamental requisite to maintaining a taxpayer's suit, or for that matter, the invocation of equitable relief generally, is that the plaintiff have a real interest in the case beyond his subjective desire to see that the law is properly enforced. Alabama Power Co. v. Ickes, 1938, 302 U.S. 464, 478-479, 58 S. Ct. 300, 82 L. Ed. 374. In those cases where taxpayers' suits are permitted, for example in corporate municipalities, the expenditures are made out of funds to which the complaining taxpayer contributed, so that at least in some small measure his interest is demonstrated by the fact that he may be required to pay more tax in the future. See Commonwealth of Massachusetts v. Mellon, 1923, 262 U.S. 447, 486-487, 43 S. Ct. 597, 67 L. Ed. 1078. The Supreme Court in that case affirmed the dismissal of a taxpayer's bill seeking to enjoin the expenditure of federal funds on the ground that even though the taxpayer had contributed to the tax fund, her share and the effect on her future taxation was too minute and indeterminable to notice; there-

fore, plaintiff had no sufficient interest to maintain the suit.

In the present case, plaintiff taxpayer contributed nothing to the fund involved. The source of the fund was the Federal Government. Having contributed nothing to it, plaintiff has no status or interest sufficient to sustain this equitable action; in other words, no judicial controversy is presented.

Plaintiff argues that the funds, once given by the Federal Government to the territory, become "territorial funds" within the purview of § 80 of Title 5 of the Virgin Islands Code. Even if that were the case, however, the plaintiff, having no interest in the fund, still would have no standing to complain. The Code could hardly have intended to give a resident of the Virgin Islands the power to restrain the disbursement of federal funds to which he did not contribute.

### Order

Now, this 11th day of April, 1958, the motion to dismiss, filed by the Government of the Virgin Islands and Percy De Jongh, Commissioner of Finance, defendants, is granted. It is accordingly ordered that the complaint be, and it hereby is, dismissed.